*1219 OPINION.
Smith :
Primarily, the question at issue goes to the ownership of the dividends declared and paid in 1922 on the 83 shares of stock of the Philadelphia Tapestry Mills. The respondent contends that the dividends were the property of Isaac Wasserman and are taxable to him in the year when paid. The petitioner contends that they were the property of Charles Wasserman and were properly reported as his income in the year in question.
It is a well recognized rule of law that the dividends paid on stock of a corporation are the property of the legal owner of the stock and are taxable as the income of such owner in the year when paid. In our opinion the facts set forth above clearly establish that Isaac Wasserman made a complete gift to Charles Wasserman of the 83 shares of stock of the Philadelphia Tapestry Mills in question during the year 1919, and that Charles Wasserman had absolute ownership of the stock at the time the dividends were paid in the year 1922.
Isaac Wasserman had worked for many years in building up an industry worthy of his pride. He realized that he was nearing the end of his career and, as was reasonable and natural, he wanted his sons to carry on his life work. The younger of his sons, Charles, had shown little inclination to gratify his father’s wishes in this respect. He took no interest in the business and would work only at the insistence of his father. To add to the father’s anxiety death deprived- him of the solace of his elder son. Finally, despairing of sterner methods, he decided to try to gain Charles’ interest by giving him a part ownership in the business. • This he did by having issued to him a substantial part of his stock in each of the corporations. Large dividends were later paid on the Philadelphia Tapestry Mills stock and these dividends for 1922, amounting to over $5-1,000, on the 83 shares of stock issued to Charles Wasserman, are the amounts here in controversy.
We think that they were clearty the income of Charles Wasserman and not the income of Isaac Wasserman. Under the laws of the State of Pennsylvania, the transfer of shares of stock upon the books of a corporation conveys legal title to the transferee. See Sparks v. Hurley, 208 Pa. 166; 57 Atl. 364. The fact that Isaac Wasserman caused the dividends on both his and Charles’ stock to be paid to him, and that he later paid Charles his part by his personal check, is not controlling of the question of the ownership of the dividends. If the stock was Charles’, as it unquestionably was, so were the dividends at and from the time they were declared and paid by the company. In the absence of any agreement to the con *1220 trary, there can be no question but that dividends paid on shares of stock constitute income to the legal owner of such stock.
The subsequent events, while no more than corroborative in effect, are not inconsistent with this view. It was no more than a reasonable exercise of the duty that the father owed the son for Isaac Wasser-man to advise and assist Charles, inexperienced as he was in business matters, in investing his money. The acts of the father in ordering the bonds in his own name and keeping them in his own safe-deposit box were done with the full knowledge and consent of the son. Nor do we believe that the fact that a substantial part of the dividends in question in the form of the Federal Farm Loan bonds finally found their 'way into the estate of Isaac Wasserman in any sense repudiates their prior ownership by Charles Wasserman.
It is our opinion that no additional tax is due from the petitioner for the taxable year before us.

Judgment will be entered for the petitioner.